May I please the court, Artem Emserian for Mr. Hayrapetyan. I would like to reserve two minutes of my time for a rebuttal. The issue in this case is very simple. Whether the judge found that Mr. Hayrapetyan was persecuted, and hence there was a presumption of future persecution, and then government was able to rebut such presumption by preponderance of evidence, by showing individualized analysis that there is no longer fear in this country. The problem is the judge ruled specifically, and I'm going to read from the judge's opinion. It's the last page, administrative record, page 55. It says specifically that the court would find that he has not, he meant Mr. Hayrapetyan, he has not met his burden of going forward. This is very specific. The judge has never discussed government's burden. In fact, government has never argued that Mr. Hayrapetyan was persecuted, and they rather met the burden. In fact, government's attorney, ICE attorney on the trial level, has never argued any burdens and never argued to change country conditions. He just simply- Wasn't this corrected by the BIA on reconsideration? Well, the reconsideration is not before us. The problem with the reconsideration, the board member who denied the case and not the one who dissented the BIA, ruled that, you know, that wasn't an issue anymore. And that's why the government kept arguing reconsideration instead of arguing the merits of this case. The board specifically said, turn it all upside down, and said that the judge ruled there was a past persecution, but the past persecution was rebarred. But the BIA specifically, and it's August 11, 2011, considered your argument that there was error in the immigration judge's failure to shift the burden of demonstrating change country conditions to the DHS. So don't you have to deal with the BIA's 2011 decision rather than the IJ's earlier and erroneous decision? The BIA has acknowledged the error and granted you reconsideration. Well, I understand that the BIA's decision, that BIA decision on reconsideration is not before this court. Is it before some other court? It's not. So we can't consider it? Well, you shouldn't be able to consider it because it's not before this court. Well, what relevance is discussing an earlier opinion that has now superseded by a granting of a motion for reconsideration? They didn't grant the motion for reconsideration. They actually denied the motion. They reconsidered it. I mean, they issued a second opinion. Right, but they said we're not going to reconsider it. The judge was right, even though he made a mistake. Even though he made a mistake. Right. Right, but now you have a judgment on the merits in which they say even though he made a mistake, we believe that the government has satisfied its burden. Well, government never carried its burden, never even argued. They never even argued on appeal. They never argued. They never replied to our motions. Government never made any arguments. In fact, the specific case in this jurisdiction, in this court rule, it's NDOM versus Ashcroft, specifically says that if government never argues the burden on IJ level or on BIA level, this court will not remand and give the government another opportunity. Government attorneys, whether at the BIA level or whether at the court level, never argued the burden. Because judge ruled that the respondent, or in this case Mr. Petitioner, Mr. Hieropatian, never met his burden. So the burden was shifted on his head. Well, I'm reading, in fact, I was rereading that this morning before coming down. I'm reading the BIA's determination on the motion to reconsider. BIA begins, the respondent has filed a timely motion to reconsider, and at the end of the first paragraph says the motion will be denied. Now, if that's all I were to read, I would say, well, the BIA didn't reconsider. But then the BIA goes on for one, two, three, four, five more full paragraphs of text in which a BIA looks at the case, talks about the case, and says, here's why we're denying it. So it sounds as though they did reconsider, but they continue to adhere to the result. And I'm following on from what Judge Bybee said, in the second to the last paragraph of the BIA's reconsideration order, the BIA writes, although we note that the IJ did not make a specific finding of past persecution, such error is harmless, as it is not ultimately determinate of the respondent's case. The IJ specifically stated that even had he made the finding of past persecution, he would not find the respondent merited asylum, because this case boils down to whether or not he would be in any harm. The IJ determined the respondent did not have a well-founded fear, and we agreed. So I go back to the language cited by the BIA at page eight of the IJ's opinion, and I read it, and I have to say, it's a jumble. I'm at the bottom of page eight. This is what the IJ says. Secondly, one could argue that he is in a particular social group of being a family member of a journalist. Again, in this particular case, even though if the court would define that he was, in fact, persecuted and he was put in the hospital regardless of what that document says, period. I don't know what that sentence means, because it's not a sentence. I mean, although perhaps on a very high percentage of the time, that would indicate the respondent should merit asylum in the future. Again, not a sentence. Again, in this particular case, the court could not find that, because I honestly did not see, after hearing all these facts, the respondent would be at any risk if he were to go back. Well, I find that far from a finding by the IJ that he was persecuted. So that would be part of my response. What am I supposed to do with this jumble that they read to you from the IJ? That's exactly right. He conflated all the issues. He jumped from merits to nexus, from nexus to past persecution. He abandoned that and talked about something else. So what am I supposed to do, then, with what the BIA says? Here's what he said, and we think that there was no showing of past persecution. But the board is also conflating the issue. Now they're talking about merits, going back to that one before last paragraph, that they're talking now he wouldn't be entitled to asylum as an exercise of marital discretion, because we never got to the merits of the case, meaning whether there is an exercise of discretion. They're talking about merits, not issue of the past persecution or shifting of burdens. So what do we do? And this comes back again to a question asked by Judge Bybee. You have not only the initial decision on the merits, you've got a motion for reconsideration that is denied, but denied in the sense of we think about it again and we decline to grant relief. You didn't appeal from that. Does that mean you can avoid the consequence of that? I mean, that's a really odd thing. Well, I agree we should have appealed, but the petitioner decided not to appeal. Yeah, but I'm trying to figure out what the consequence is of not appealing that. The consequence is that this decision is not before this panel. I don't know how you can benefit from that, because it seems to me that's your mistake in not taking an appeal from that opinion. You've got an opinion on the merits. The board says we're going to do this de novo and deny the claim. You didn't take an appeal from that. Well, I didn't take an appeal because I was told not to take an appeal. It's not that my opinion was to take an appeal. But since it's not before this panel and by extra submission into the record of something that is not in the record, I don't think the government should benefit from it. Well, either you failed to appeal from the appropriate order, or it seems to me that because the board said it was denying the motion for reconsideration and made you get the benefit of your prior appeal, but I don't see that you get the benefit of asking the government to ignore what the BIA said a second time. Bottom line is I agree with the Justice Fletcher that I.J.'s decision conflating all the issues. He's moving from nexus to merits, from merits to merits. Yeah, the I.J. is sort of out of this at this point as far as I'm concerned. Why don't you tell us why the BIA is wrong? Because the BIA said it was doing it de novo. Are we talking about reconsideration motion? Sure. Well, they're conflating the issue again. They're talking about – Why don't you tell us why Mr. Harapetian is going to be persecuted if he's forced to go back to Armenia? He continued to state that there is no very clear testimony whether there is absolutely no fear. He continues to say that the family is harassed, the family contracted. There were letters that says people keep coming to their doors and asking for them and for him as well. And that's why there was no clear finding that there is no future fear. Just because one individual was removed from his post and for other reasons, it doesn't mean the entire corrupt system is no longer there. Well, don't you have to at least provisionally show a relationship between the government in this case and the persecution? That is correct. All of his evidence relates to disparaging – his father is disparaging this one government minister who happened to be the foreign minister. And all of his evidence shows that men related to or in the employ of the foreign minister actually did violence to him. And the foreign minister is gone. Doesn't he have to draw some nexus to somebody else that might generate problems? I disagree with the characterization that everything was from that specific minister. As Mr. Hayropetian explained during his trial, that the entire article was talking about corruption in the government and deciding to a specific person. And it's not really clear. It's only bodyguards of that minister. The major area of corruption was essentially throwing a soccer game in Greece to curry favor with Greece. Who in the government would be responsible for that, the foreign minister? One of the issues, yes. But overall, his article touched upon the entire corruption in the country. So whether that specific minister is still there or not there, if the apparatus of the government which is corrupt, as shown by the country conditions and the testimony of Mr. Hayropetian, even though the minister is removed, the corrupt apparatus is still there. Plus, his father was again arrested and taken to the police when he was riding on the latest election in 2008. So it's not that problems disappeared with the disappearance of that minister. Okay. We've just taken you over time. Let's hear from the government, but we will give you a chance to respond. Thank you. Good morning, Your Honors. May it please the Court. My name is Anne-Maya Wendell. I represent the Respondent. As an initial matter, past persecution is not at issue before the Court. The agency's decision is based on what the Board provided. And in that regard, the Board, in looking at the immigration judge's decision, specified that while it acknowledged petitioner's arguments regarding past persecution, it was focused on presuming persecution. Its decision was based simply on whether or not petitioner had established that he would have a well-founded fear of persecution. What BIA decision are you talking about? Your Honor, the BIA decision that petitioner has sought review, the decision that is before the Court. That's the February 2011 decision? Correct, Your Honor. Okay. Can you help us work through what are we supposed to do with the later decision? Your Honor, we are in a complicated situation because petitioner did not seek review of that subsequent decision. Have you taken an appeal from that second decision? I'm sorry, Your Honor? Have you taken an appeal from a second decision? He would have. Have you taken an appeal from a denial of motion to reconsider? He can seek review of the denial of a motion to reconsider, yes, Your Honor. And there's sufficient case law to establish that is required. It's a really narrow review for this Court, isn't it? Yes, Your Honor. And usually we don't see those things singly. That is where we – I mean, often we see those singly, so it's an isolated question because it's just an appeal from a motion for reconsideration. It's usually a one-line denial. What do we do? We deny the motion for reconsideration. Here's a whole bunch of reasons why. Your Honor, well, part of that is also in determining whether or not it's appropriate to remand this case, as Petitioner is arguing. Then it's inappropriate for the Court to disregard the Board's denial of his motion to reconsider. Well, we should consider it. Yes, Your Honor. But you're not invoking some kind of waiver or estoppel against it, so that we can't consider it? No, Your Honor. It's not appropriate because Petitioner did not seek review, and therefore – And you're not contending that his notices of appeal is defected in some way, that we can't consider any of this at all? Yes, Your Honor. Here – Yes, Your Honor, or no, Your Honor. Do you agree with Judge – I understand the significance of what you just said. Yeah. Is the government contending that there's some kind of defect in the appeal? In his appeal? Yes, Your Honor. In the context of – to the extent he's trying to argue that Petitioner should be able to lodge arguments regarding past persecution and that the agency's decision should be ignored, then if the agency's decision should be ignored, then it would defeat – as a matter of practical matter, it would defeat Petitioner's argument in the sense that Petitioner is trying to assert that the Board's decision is flawed. But if Petitioner tried to correct it and then the Board specified, we're rejecting your claims and these are the reasons why, it's not appropriate for Petitioner to benefit from the fact that he failed to seek review. Okay. Let me ask, I think, Judge Viba's question, but in a different form. Do we have jurisdiction over the petition for review from the initial BIA decision? Yes, the Court has jurisdiction over the initial BIA decision, yes, Your Honor. To the extent that the denial of the motion for reconsideration is of any relevance to us, it does not have anything to do with whether we have jurisdiction over the current petition for review. Yes, Your Honor. Counsel, what – the thrust of the Petitioner's claim is that given a finding of past persecution, or as in this case, an assumption that such a finding was made, and proceeding then to risk of future persecution, the burden of proof, I assume the ultimate burden of persuasion, is on the government, not the Petitioner, to show changed circumstances more favorable to the Petitioner in the country in question. It seems conceded that the IJ put the burden on the wrong party. The question is, did the BIA ever correct – they acknowledge that, but did they ever correct it? Did they ever reevaluate the evidence in light of the government's burden? And if there was no evidence on the subject, by default, reject the government's position? Your Honor, the BIA did dig into a count Petitioner's argument and did reject it in that it stated that looking at the evidence of record, that it did clearly assume that there was Therefore, in its assessment of whether or not there was a fundamental change of country conditions, it did acknowledge and look at the evidence in the context of the government's burden. It had to do that because the case law necessitated that. In fact, its reliance on Tumeng also showed that it had taken into account the fact that there is a shift of the burden. However, the question here and what the Board correctly did was the actual issue is whether the record compels the conclusion that there was not a fundamental change of country conditions. The agency correctly considered the fact that Petitioner's family and his father, who he had penned his claims on, had not actually had any encounters, direct encounters with the alleged perpetrators of any past harm since 2003. In fact, his parents had never been physically harmed because of these individuals. It also took into account the fact that when Petitioner had identified the foreign minister, that was in response to the questioning. His own testimony in claiming that the article stemmed from his father's revelation of corruption in the government and by the political regime, there was a subsequent question asked of him, well, who are these individuals of this political, who are the political authorities? Petitioner's response was that it was Vardan Oskanyan, forgive me for the pronunciation, but it was Petitioner who had identified the individual. And as a result, when that foreign minister was replaced after the 2008 election, then his departure was significant to Petitioner's claim. The fact that his departure had existed and that there was no harm to his family members, that there was never any ties to the three individuals who he had encountered in the past and who he had said were acting on the behest of the foreign minister, who he identified as being at least as one of the henchmen, as being the protector or at least part of the security of this foreign minister who is no longer in office, those were all significant. Those were a reflection that Petitioner's claims were considered by the board but simply rejected. What do I do with the following? I'm looking at the BIA's order denying the motion for reconsideration. I'm at the top of the second page. As the respondent concedes, IJ's finding of fundamental change in Armenia included both his findings that the relevant minister was no longer in power and that the respondent's family has since remained in Armenia unharmed. Well, yes, unharmed, but not unthreatened. That's not really an accurate description of the argument that he makes on the evidence that he's presented as to the fear of future persecution. So what do I do with the BIA in its second opinion where it says, well, they haven't been harmed. The conclusion then drawn by the BIA is there's no legitimate fear of future harm, but the BIA doesn't mention the fact that there's been a threat. And then at the end of this, the BIA cites to the IJ as having found that even if there was past persecution, even after the burden is shifted, I would not find past persecution. And I read the language, I read the whole page that cited I can't find that the IJ has done that. So when I look at the BIA's denial of a reconsideration order, what I see is an order that doesn't really make sense to me. What do I do with that? Your Honor, first of all, the BIA's reasoning in that regard is not before the court. The court is not reviewing that decision. You have been relying on it. Your Honor, there's a difference. It's a nuanced argument. I understand that. But it is a distinction that is important because the court may consider the board's decision, but it cannot actually review the analysis in the denial of the motion to reconsider. And if that, then we're stuck with the board analysis that is a 2-1 decision by the board in which the dissenting member says the IJ has applied the wrong standard and the member is probably correct. And so if all we're reviewing is the February 2011 decision, then this probably has to go back to the board. Your Honor, respectfully, I would say that in looking at the board's decision, then it isn't because it clarifies that to the extent that the immigration the board. In the 2011 decision, not the August decision. Yes, Your Honor. The decision that is before the court in this matter on review, then the board says in the third paragraph that as it acknowledges the arguments regarding past persecution, then it also says, however, we find the immigration correctly concluded that even if past persecution were established, at best the agent or the petitioner can only argue that there is some confusion as to what the immigration judge may have stated. The sentence that you're relying on in the earlier, the February order, I think is the following out of the third paragraph. BIA writes, however, we find that the IJ correctly concluded that even if past persecution were established, the respondent's presumption of a well-founded fear has been overcome by a showing of changed country conditions. And then citing the IJ's order pages 7 to 10. What if I read the IJ's order from page 7 to 10 and I conclude that is not at all what the IJ said or did or concluded? Your Honor, if that were the case, then it would still be about the court then reweighing and interpreting the immigration judge's decision as opposed to assessing whether the board could interpret the immigration judge's decision a different way. So here what's before the court is the board's assessment of the immigration judge's decision and ultimately its determination that petitioner did not establish that there was any error in terms of the determination that there was no fundamental or there was a fundamental change of country conditions. Is it your position that in concluding for purposes of argument there was past persecution but that the government had rebutted the presumption of future prosecution because the past persecution, if any, was specific to that foreign minister and not to anybody else? I mean, is that the conclusion? Your Honor, that part of it is. That's one aspect of the argument, but the other more important parts of it are that petitioner's family, specifically his father, haven't had any encounters with the alleged perpetrators of any harm he suffered. Any encounters? There hasn't been any encounters. He says that he doesn't know if there has been anything. There isn't anything in the record to establish that the three henchmen, the men that are described as henchmen of Oscanyan, that they have subsequently... Has there been any threats directed to the father by any other person potentially connected with or suspected to be connected with the party in power? Your Honor, the record simply reflects that there have been some unspecified threats to his family. We don't know anything about who made them and what the threats entailed. So it may be a grocer for whom he has an unpaid bill? Your Honor... That's fantasy land. I mean, given the context of this, the threats are most likely coming from some agent of the government. Your Honor, if that were the case, especially if it were related to arguments with regard to corruption that had taken place in 2003, then you would... If it's a question of what's reasonable, then you would also think that it might be reasonable that his family would have encountered or dealt more directly. The other thing to keep in mind is when there are threats but there's nothing that's manifested as being something that could actually happen, then that also raises questions as to whether it's viable or because it's been unfulfilled. In this regard, his family still remains there. If anything, when looking at the immigration judge's decision, the one thing to take away from it is that this case ultimately boils down to the question of whether or not he would face any harm if he were returned to Armenia. And when you look at the record, and even if you assume persecution, then you consider the passage of time, you consider that the one person he identifies as being part of the political regime and that he identified one of the henchmen as being a member of the protection team is no longer in office. And then finally, while there have been different incidents, there hasn't been enough specificity in terms of any threats. There hasn't been anything other than the fact that his family still remain in Armenia and there may be some unspecified threats but we're not sure what it is that has transpired. So ultimately, there isn't enough evidence here to compel the conclusion that a fundamental change of country conditions exists. Okay, thank you. Thank you. Just a quick rebuttal. Very fast. The law requires that even if the government meets its burden, which in this case it didn't, the inquiry doesn't stop there. The next question is whether the harm was so severe that the petitioner would still qualify for asylum. That was never discussed. Mr. Hayrapetyan was beaten three times. His house was burned down. His father, his brother sustained severe injuries in a burn. His father was arrested. His father was threatened. His mother was let go from her work and she was never able to find a job. Does the record permit us to infer the dates of each of the complained elements of persecution? In other words, can you demonstrate from the record that any of those events took place subsequent to 2008? The hearing was in 2009. That's where the record was pretty much closed. There was no additional evidence in that record. But as of 2009, when there were not elections in Armenia and the father kept writing articles, he was arrested, he was threatened. As to the issue whether he was harmed and What year was he arrested? 2008, by the elections, which was March. And that was in the testimony of the petitioner. But when he was specifically asked whether he was harmed, the petitioner honestly said that we don't discuss this over the phone and I don't know whether he was harmed or not. It doesn't mean he wasn't or he was not. He just said, we don't talk this over the phone because we're afraid. When the father was arrested, was the foreign minister still in power, still in office? I don't know. Okay. Because I understand that the evidence is that the party remains in power, but you don't know whether the party remained in power and the party continues on to remain in power until today. And the final answer to the court's question whether there is a jurisdiction over petition for reconsideration, we cited in our reply brief on page number two that there is no jurisdiction for a court to review the motion for reconsideration. That wasn't my question, but that's okay. My question was whether we have jurisdiction to review the initial order. For the initial order, there was clear jurisdiction. The government says we have jurisdiction. Yes. Thank you very much. Okay. Thank both sides for your arguments in this case. Now submitted for decision.
judges: Singleton, Fletcher, Bybee